## SHAW v. BIRK.
### No. 7114.

Circuit Court of Appeals, Fifth Circuit.

Dec. 13, 1933.

Geo. A. Smoot, of Wichita Falls, Tex., for appellant.

Leslie Humphrey and John Q. Humphrey, both of Wichita Falls, Tex., for appellee.

Before BRYAN, FOSTER, and HUTCH-ESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal by the plaintiff, Shaw, from a judgment based on a directed verdict in favor of the defendant, Birk. In 1932, and on November 9, Shaw filed his original petition to recover damages for breach of a contract, acknowledging payment of $368 on account. On November 21 Birk pleaded in bar a judgment obtained by Shaw against him on the same cause of action in 1931 in a state court of Louisiana, alleging that the Louisiana court had jurisdiction; that the judgment, though recovered in an attachment suit, was not limited to the small proceeds, presumably the $368 credit, of property that had been attached, but was a general personal judgment; and that this judgment had not been appealed from, was final, and remained in full force and effect. The case coming on for hearing on the plea in bar, both parties were given leave to amend and the trial was set for November 29. On the 28th the plaintiff, without withdrawing his suit on the contract, added a second count in which he sued on the judgment. On the 29th, the date set for trial, the defendant filed certified copies of plaintiff's petition in the Louisiana court and of the judgment of that court; and the plaintiff, in support of the second count of his amended petition, also offered in evidence a certified copy of the same judgment. Whereupon both sides rested. The court ruled that the plaintiff was entitled to judgment but, upon the insistence of counsel for defendant, postponed entering judgment until December 2, and on that day, upon defendant's motion, continued the case for the term. On December 3 the court entered an order that the plea in bar be "overruled and denied." During the next term, on March 31, 1933, the day on which the case was finally tried, the defendant filed a plea setting up that the judgment obtained in Louisiana was rendered upon attachment proceedings and without service of process upon him; and that except as to the property attached in Louisiana the judgment was void and of no force and effect in Texas. The judgment of the Louisiana court appears to have been entered upon default of appearance or answer, and shows on its face that the suit was one in attachment, although it purported to be a personal judgment against the defendant for the full amount found by the court to be due by him on the contract. The defendant introduced evidence which was uncontradicted, to the effect that he had not been personally served with process and had not voluntarily entered his appearance in the suit brought in Louisiana. No other evidence being offered, the court directed a verdict for the defendant, at the same time denying plaintiff's request that the judgment herein be without prejudice to the action on the contract.

As the pleadings stood when the case was first called for trial and up to the time the continuance was granted, Birk was relying on the Louisiana judgment as a complete bar to Shaw's action on the contract. He adopted that judgment as his sole defense at the first trial, and, after realizing that the court was about to enter judgment against him, he secured first a postponement and then a contin-

uance. It was not until the day of the trial at the next term that he undertook to reverse his position and claim that the foreign judgment was not personally binding upon him. Confronted with this judgment, Shaw could no longer proceed with the suit upon the contract without repudiating the judgment; and this, assuming he had the right, he was not bound to do. It may very well be that he was unprepared at the moment to prove over again the damages he sought by his first count for breach of contract. It is true that almost immediately after granting a continuance, the court entered an order which by its literal terms overruled and denied the plea in bar. Because this is so, it is contended on behalf of Birk that his plea in bar had been put out of the case as a defense. But the court's ruling, as we understand it, meant only that the plea in bar was no answer to the second count of the amended petition in which suit was brought on the judgment. There is nothing to indicate that the trial court intended to hold that the plea in bar was not good as against the first count which relied for recovery on the contract. Shaw had the right, if he was not compelled, to rely for recovery upon the foreign judgment up to the very day of the final trial. He was placed at a serious disadvantage by Birk's sudden change of front. The judgment against him should at least have been without prejudice to his original cause of action based on the contract. All things considered, it seems to us that the ends of justice will best be served by sending the case back for a new trial upon revised pleadings. The petition should be based as before on the contract. It is not probable that Birk will again plead the Louisiana judgment in bar of the action, and we have no doubt of his right to withdraw that plea. However, if he still insists upon it he should be held to it, and in that event Shaw would have the right to sue and recover upon the judgment.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.